## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

METRO-GOLDWYN-MAYER PICTURES   :
INC., *et al.*,   :
   :
     Plaintiffs,   :
   :
   v.   :  Civil Action No. 04-2005 (JR)
   :
DOES 1-10,   :
   :
     Defendants.   :

### ORDER

Upon consideration of plaintiffs' motion for leave to take discovery prior to Rule 26(f) conference, it is

**ORDERED** that the motion is **granted**.  It is

**FURTHER ORDERED** that plaintiffs may serve immediate discovery on America Online, Inc. by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe defendant, including the name, address, telephone number, email address, and Media Access Control addresses for each defendant.  And it is

**FURTHER ORDERED** that any information disclosed to plaintiffs in response to the Rule 45 subpoenas may be used by plaintiffs solely for the purpose of prosecuting this action.

05 1103

JAMES ROBERTSON
United States District Judge

**FILED**

JUN - 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civ. Action No. 04-2006 (EGS) |
| v. | ) ) | |
| DOES 1-9, | ) ) | |
| Defendants. | ) ) | |

**O R D E R**

It is by the Court hereby **ORDERED** that Plaintiff's Motion for Leave to Take Immediate Discovery [3] is **GRANTED**. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address.

Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs rights as set forth in the Complaint. If and when Verizon is served with a subpoena, Verizon shall give written notice, which can include use of email, to the subscribers in question within five business days. If Verizon and/or any Defendant want to move to quash the subpoena, the party must do so before the return date of the subpoena, which

shall be 25 days from the date of service. Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

It is further **ORDERED** that Plaintiffs shall provide Verizon a copy of this Order along with its subpoena.


Signed:    **Emmet G. Sullivan**
           **United States District Judge**
           **December 15, 2004**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LIONS GATE FILMS, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civ. Action No. 05-386 (EGS) |
| v. | ) ) | |
| DOES 1-5, | ) ) | |
| Defendants. | ) ) ) | |

### O R D E R

It is by the Court hereby **ORDERED** that Plaintiffs' Motion for Leave to Take Immediate Discovery [2] is **GRANTED**. Plaintiffs will be allowed to serve immediate discovery on America Online, Inc., or any other entity identified by America Online, Inc. as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address.

Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs rights as set forth in the Complaint. If and when America Online, Inc. is served with a subpoena, America Online shall give written notice, which can include use of email, to the subscribers in question within five business days. If

America Online and/or any Defendant want to move to quash the
subpoena, the party must do so before the return date of the
subpoena, which shall be 25 days from the date of service.
America Online shall preserve any subpoenaed information pending
the resolution of any timely filed motion to quash.

It is further **ORDERED** that Plaintiffs shall provide America
Online, Inc., a copy of this Order along with its subpoena.


Signed:     **Emmet G. Sullivan**
            **United States District Judge**
            **March 1, 2005**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UMG RECORDINGS, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>JOHN DOES 1-199,<br><br>    Defendants. | Civil Action No. 04-093 (CKK) |

## ORDER
(March 10, 2004)

In keeping with the accompanying Memorandum Opinion, it is this 10th day of March, 2004, hereby

ORDERED that Plaintiffs' Motion for Leave to Take Immediate Discovery [5] is GRANTED. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint. If and when Verizon is served with a subpoena, Verizon shall give written notice, which can include use of email, to the subscribers in question within five business days. If Verizon and/or any Defendant want to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. It is further

ORDERED that Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its subpoena; it is further

ORDERED that the Motion of Public Citizen, the American Civil Liberties Union, the Electronic Frontier Foundation and the ACLU of the National Capitol Area to file as *amici curiae* [6] is GRANTED.

March 10, 2004                                    _____/s/_____
                                                 COLLEEN KOLLAR-KOTELLY
                                                 United States District Judge

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAROLINE RECORDS, INC., a New York
corporation; ELEKTRA ENTERTAINMENT
GROUP INC., a Delaware corporation;
INTERSCOPE RECORDS, a California
general partnership; MAVERICK
RECORDING COMPANY, a California joint
venture; WARNER BROS. RECORDS INC., a
Delaware corporation; ARISTA RECORDS
LLC, a Delaware limited liability company;
ATLANTIC RECORDING CORPORATION,
a Delaware corporation; CAPITOL
RECORDS, INC., a Delaware corporation;
FONOVISA, INC., a California corporation;
LOUD RECORDS, LLC, a Delaware
corporation; VIRGIN RECORDS AMERICA,
INC., a California corporation; BMG MUSIC,
a New York general partnership; LONDON-
SIRE RECORDS INC., a Delaware
corporation; MOTOWN RECORD
COMPANY, L.P., a California limited
partnership; PRIORITY RECORDS LLC, a
California limited liability company; SONY
BMG MUSIC ENTERTAINMENT, a
Delaware general partnership; and UMG
RECORDINGS, INC., a Delaware corporation,

Civil Action No.:

RECEIVED

NOV 1 8 2004

CHAMBERS OF
JUDGE LAMBERTH

04 2028

                    Plaintiffs,

           v.

DOES 1-175,

                    Defendants.

---

# [PROPOSED] ORDER GRANTING MOTION FOR LEAVE TO TAKE IMMEDIATE
## DISCOVERY

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Verizon Internet Services, Inc. to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated:  11 / 18/04

Roger C. Lamberth
United States District Judge

2

Michael Lieberman (ML 9456)
HANGLEY ARONCHICK SEGAL & PUDLIN
20 Brace Road, Suite 201
Cherry Hill, NJ 08034
(856) 616-2100

Jonathan Zavin (pro hac vice pending)
Alexandra N. DeNeve (pro hac vice pending)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154-0037
(212) 407-4000

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PARAMOUNT PICTURES CORPORATION**, a Delaware corporation; **TWENTIETH CENTURY FOX FILM CORPORATION**, a Delaware corporation; **WARNER BROS. ENTERTAINMENT INC.**, a Delaware corporation; **UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP**, a Delaware limited liability limited partnership; **SCREEN GEMS, INC.**, a Delaware corporation; **DISNEY ENTERPRISES, INC.**, a Delaware corporation; and **COLUMBIA PICTURES INDUSTRIES, INC.**, a Delaware corporation, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DOES 1 - 8,** <br><br> **Defendants.** | **CIVIL ACTION** <br> Case No.: 05- 535 <br><br> **ORDER TO SHOW CAUSE FOR *EX PARTE* RELIEF GRANTING PLAINTIFFS' LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |

**THIS MATTER** having come before the Court upon the application of
Plaintiffs by their attorneys, Hangley Aronchick Segal & Pudlin, for entry of an
Order to Show Cause granting Plaintiffs *ex parte* relief and permitting Plaintiffs to
conduct limited discovery on a third party Internet Service Provider prior to the
Rule 26(f) Conference to determine the true identities of the Doe Defendants who
are being sued for copyright infringement; and the Court having read and
considered the Complaint, the Declarations Chad Tilbury, Thomas Mizzone and
Christopher Harshman, the certification of Michael Lieberman, the supporting
Memorandum of Law submitted herewith, and a proposed Order; and the Court
having heard argument of counsel, and having determined that there are no named
defendants who could oppose this cause, and for other good cause having been
shown;

**IT IS** on this _28th_ day of _January_, 2005:

**ORDERED**, that Plaintiffs' application for *ex parte* relief for leave
conduct and serve expedited discovery upon RCN Corporation, or any other entity
identified by RCN Corporation as providing network access or online services to

2

one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, e-mail address and Media Access Control address is granted.

_____
United States District Judge

— FILED    — ENTERED    **ORIGINAL**
— LODGED    — RECEIVED

FEB 2 2 2005

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

JAN 26 2005    **MR**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

05-CV-00134-ORD

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation,

       Plaintiff,

    v.

JOHN DOE,

       Defendant.

No. **CV05 - 0134**

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

The Court has read all papers filed in connection with Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("the Application"), and considered the issues raised therein, including relevant privacy issues.

IT IS HEREBY ORDERED that the Application is granted.

IT IS FURTHER ORDERED that Plaintiff may serve immediate discovery on Speakeasy, Inc., or any other entity identified by Speakeasy, Inc. as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify the Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address.

/////

/////

/////

[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO
TAKE DISCOVERY PRIOR TO RULE
26(f) CONFERENCE
Page 1

**YARMUTH WILSDON CALFO PLLC**
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE, WA 98104
T 206 516 3800  F 206 516 3888

1    IT IS FURTHER ORDERED THAT any information disclosed to Plaintiff in

2  response to the Rule 45 subpoenas may be used by Plaintiff solely for the purpose of

3  protecting Plaintiff's rights under the Copyright Act.

4

5  Dated: __2/22/05__                          _____

6                                              United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO
TAKE DISCOVERY PRIOR TO RULE
26(f) CONFERENCE
Page 2

YARMUTH WILSDON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE, WA 98104
T 206 516 3900  F 205 516 3888

*COTES.*

Jonathan Zavin (JZ-1846)
Alexandra N. DeNeve (AD-2386)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154-0037
(212) 407-4000
Attorneys for Plaintiffs

JUDGE COTE

U.S. DISTRICT COURT
FILED
JAN 26 2005
S. D. OF N.Y.

**05 CV    0883**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------x

WARNER BROS. ENTERTAINMENT INC., a
Delaware corporation; SCREEN GEMS, INC., a
Delaware corporation; LIONS GATE FILMS,
INC., a Delaware corporation; DISNEY
ENTERPRISES, INC., a Delaware corporation;
COLUMBIA PICTURES INDUSTRIES, INC., a
Delaware corporation; PARAMOUNT
PICTURES CORPORATION, a Delaware
corporation; TWENTIETH CENTURY FOX
FILM CORPORATION, a Delaware corporation;
and UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP, a Delaware limited
liability limited partnership,

                    Plaintiffs,

          -against-

DOES 1-7,

                    Defendants.

-------------------------------------x

Civil Action No.:

**ORDER TO GRANTING
PLAINTIFFS' *EX PARTE*
APPLICATION FOR LEAVE TO
TAKE DISCOVERY PRIOR TO
RULE 26(f) CONFERENCE**

MICROFILM ·12:00 PM
JAN 2 6 2005

          The Court has read all papers filed in connection with Plaintiffs' *Ex Parte*

Application for Leave to Take Discovery Prior to Rule 26(f) Conference ("the Application"), and

considered the issues raised therein, including relevant privacy issues.

          IT IS HEREBY ORDERED that the Application is granted.

          IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on

Mediacom Communications Corp., or any other entity identified by Mediacom Communications

Corp. as providing network access or online services to one or more of the Doe Defendants, by

serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant,

including his or her name, address, telephone number, email address, and Media Access Control

address.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting

Plaintiffs' rights under the Copyright Act.

Dated: _January 26, 2005_

_____
United States District Judge

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

**FILED**

NOV 3 0 2004

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
          DEPUTY CLERK

SCREEN GEMS, INC., a Delaware
corporation; TRISTAR PICTURES, INC., a
Delaware corporation; PARAMOUNT
PICTURES CORPORATION, a Delaware
corporation; TWENTIETH CENTURY FOX
FILM CORPORATION, a Delaware
corporation; COLUMBIA PICTURES
INDUSTRIES, INC., a Delaware corporation;
UNIVERSAL CITY STUDIOS
PRODUCTIONS LLLP, a Delaware limited
liability limited partnership; WARNER BROS.
ENTERTAINMENT INC., a Delaware
corporation; NEW LINE PRODUCTIONS,
INC., a Delaware corporation; and METRO-
GOLDWYN-MAYER PICTURES INC., a
Delaware corporation,

          Plaintiffs,

vs.

DOES 1 - 34,

          Defendants.

§
§
§
§
§
§ Case No.:
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**SA04CA1038 OG**

---

**ORDER GRANTING PLAINTIFFS' EXPEDITED *EX PARTE* MOTION FOR ORDER
GRANTING LEAVE TO TAKE DISCOVERY PRIOR TO FED. R. CIV. P. 26(F)
CONFERENCE**

      The Court has read all papers filed in connection with Plaintiffs' Expedited *Ex*

*Parte* Motion for Leave to Take Discovery Prior to Fed. R. Civ. P. 26(f) Conference ("the

Motion"), and considered the issues raised therein, including relevant privacy issues.

      IT IS HEREBY ORDERED that the Motion is granted.

      IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on

Southwestern Bell Internet Services by serving a Rule 45 subpoena that seeks information

sufficient to identify each Doe Defendant, including the name, address, telephone number, email address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _Nov. 30, 04_

_____

United States District Judge

2

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 2 2 2005

LUTHER D. THOMAS, Clerk
By a.m.Carrier
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; METRO-GOLDWYN-MAYER PICTURES INC., a Delaware corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; and NEW LINE PRODUCTIONS, INC., a Delaware corporation, | CIVIL ACTION FILE No. 1:05 cv 515-BBM |
| Plaintiffs, | |
| v. | |
| DOES 1 – 10, Defendants. | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE

The Court has read all papers filed in connection with Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26 Conference ("the Motion"), and considered the issues raised therein, including relevant privacy issues.

[Doc. No. 3]

IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on Earthlink, Inc., or any other entity identified by Earthlink, Inc. as providing network access or online services to one or more of the Doe Defendants, by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, email address, and Media Access Control address.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _March 22, 2005_    _____
United States District Judge

2

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| LIONS GATE FILMS, INC., a Delaware corporation; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership; COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; METRO-GOLDWYN-MAYER PICTURES INC., a Delaware corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and NEW LINE PRODUCTIONS, INC., a Delaware corporation,  )))))))))))))))) | No: 04 C 7398<br><br>Hon. Joan B. Gottschall<br><br>Magistrate Hon. Martin C. Ashman |
| Plaintiffs, )))) | |
| vs. )) | |
| DOES 1 - 23, ))) | |
| Defendants. ))) | |

## ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE

The Court has read all papers filed in connection with Plaintiffs' *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26 Conference ("the Motion"), and considered the issues raised therein, including relevant privacy issues.

IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that Plaintiffs may serve discovery prior to Rule 26 conference on Ameritech Interactive Media Services by serving a Rule 45 subpoena that seeks

information sufficient to identify each Doe Defendant, including the name, address, telephone number, email address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _____11/18/04_____

_____
United States District Judge

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

PARAMOUNT PICTURES CORPORATION, )
a Delaware corporation; SCREEN GEMS, )
INC., a Delaware corporation; COLUMBIA )
PICTURES INDUSTRIES, INC., a Delaware )
corporation; DISNEY ENTERPRISES, INC., a )
Delaware corporation; WARNER BROS. )    Case No.:
ENTERTAINMENT INC., a Delaware )
corporation; TWENTIETH CENTURY FOX )
FILM CORPORATION, a Delaware )
corporation; and METRO-GOLDWYN- )
MAYER PICTURES INC., a Delaware )
corporation, )

**4** )  **05CV00335CAS**

           Plaintiffs, )

    v. )

DOES 1 - 11, )

        Defendants. )

### ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

The Court has read all papers filed in connection with Plaintiffs' Motion for

Leave to Take Discovery Prior to Rule 26(f) Conference ("the Motion"), and considered the

issues raised therein, including relevant privacy issues.

IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on

Charter Communications, Inc., or any other entity identified by Charter Communications, Inc. as

providing network access or online services to one or more of the Doe Defendants, by serving a

Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including his

or her name, address, telephone number, email address, and Media Access Control address.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in
response to the Rule 45 subpoenas may be used by Plaintiffs solely for the purpose of protecting
Plaintiffs' rights under the Copyright Act.

Dated: 4/25/05                         _____
                                        United States District Judge

2

**R.A.**

1  Christopher T. Holland (SB # 164053)
   Anne E. Kearns (SB #183336)
2  Kathy M. Sarria (SB #181322)
   KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
3  114 Sansome Street, Suite 400
   San Francisco, California 94104
4  Telephone:  (415) 249-8330
   Facsimile:  (415) 249-4333
5
   Douglas E. Mirell (SB #094169)
6  Karen R. Thorland (SB #172092)
   LOEB & LOEB LLP
7  10100 Santa Monica Boulevard, Suite 2200
   Los Angeles, California 90067
8  Telephone: (310) 282-2000       E-filing
   Facsimile:  (310) 282-2200
9
   Attorneys for Plaintiff
10 COLUMBIA PICTURES

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14 COLUMBIA PICTURES INDUSTRIES,  C 04. 5243 PJH
   INC., a Delaware corporation,
15                                 [PROPOSED] ORDER GRANTING
              Plaintiff,           PLAINTIFF'S MISCELLANEOUS
16                                 ADMINISTRATIVE REQUEST FOR
        vs.                        LEAVE TO TAKE DISCOVERY PRIOR
17                                 TO RULE 26 CONFERENCE
   JOHN DOE (67.123.19.140),
18
              Defendant.
19

20         Upon Plaintiff's Miscellaneous Administrative Request

21 for Leave to Take Discovery Prior to Rule 26 Conference, the

22 Declarations of Chad Tilbury, Thomas Mizzone and R. Christopher

23 Harshman and Plaintiff's Request for Judicial Notice, and having

24 considered the issues raised therein, including relevant privacy

25 issues, it is hereby:

26

27

28

                              1
       [PROPOSED] ORDER GRANTING PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST

1    ORDERED that the Administrative Request of Plaintiff

2 for Leave to Take Discovery Prior to Rule 26 Conference is

3 granted.

4

5    IT IS FURTHER ORDERED that Plaintiff may serve

6 immediate discovery on Pacific Bell Internet Services by serving

7 a Rule 45 subpoena that seeks information sufficient to identify

8 the Doe Defendant, including his or her name, address, telephone

9 number, email address, and Media Access Control address.

10

11    IT IS FURTHER ORDERED THAT any information disclosed to

12 Plaintiff in response to the Rule 45 subpoenas may be used by

13 Plaintiff solely for the purpose of protecting Plaintiff's rights

14 under the Copyright Act.

15

16 Dated:_____JAN 2 0 2005_____    _____

17                                 United States District Judge

18

19

20

21

22

23

24

25

26

27

28

2

[PROPOSED] ORDER GRANTING PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST

FILED

05 APR 27 AM 10: 42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRO-GOLDWYN-MAYER PICTURES INC., a Delaware corporation; and UNITED ARTISTS FILMS INC., a Delaware corporation, | Civil No.   05cv0761-B(POR) |
| Plaintiff, | ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO TAKE DISCOVERY |
| v. | |
| DOES 1-2, | [Doc. Nos. 4-9] |
| Defendant. | |

On April 25, 2005, Plaintiffs filed an Ex Parte Application for Leave to Take Discovery Prior to the Rule 26(f) Conference. After reviewing the *Ex Parte* Application to take discovery, the declarations of R. Christopher Harshman, Thomas Mizzone, Chad Tilbury, and the accompanying Memorandum of Law, the Court finds good cause to grant Plaintiffs Application based on the following: (1) Plaintiffs' complaint alleges claims of copyright infringement; (2) there is a real danger the University of California at San Diego will not preserve for very long the information that Plaintiffs seek; (3) the narrowly tailored discovery request does not exceed the minimum information required to advance this lawsuit and will not prejudice Defendants; and (4) expedited discovery will substantially contribute to moving the case forward. Furthermore, without such discovery, Plaintiffs cannot identify the Doe Defendants, and thus cannot pursue their lawsuit to protect their copyrighted works from infringement. Accordingly, IT IS HEREBY ORDERED:

///

-1-

1.    Plaintiffs may serve immediate discovery on the University of California at San Diego to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

2.    Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

DATED: 4/26/05

LOUISA S. PORTER
United States Magistrate Judge

cc:    All parties
      District Judge

- 2 -

05-0761

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAR 2 5 2005**

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-RB-339(CBS)

DISNEY ENTERPRISES, INC., a Delaware corporation;
NEW LINE PRODUCTIONS, INC., a Delaware corporation;
UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited
partnership;
METRO-GOLDWYN-MAYER PICTURES INC., a Delaware corporation;
WARNER BROS. ENTERTAINMENT INC., a Delaware corporation;
TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation;
PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and
COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation,

      Plaintiffs

v.

DOES 1-18,

      Defendants.

---

## *EX PARTE* ORDER PERMITTING DISCOVERY BEFORE RULE 26 CONFERENCE

---

    This matter is before me on the Plaintiffs' *Ex Parte* Application for Leave to Take Discovery

Prior to Rule 26(f) Conference ("Application"), filed February 24, 2005. Having considered the

Application, Plaintiffs' Memorandum of Law in support of the Application, and the Declarations of

Chad Tilbury, Thomas Mizzone, and R. Christopher Harshman, this Court concludes that the

Application should be granted, as modified below.

    On February 24, 2005, Plaintiffs filed a Complaint for copyright infringement naming

John Doe defendants 1 through 18 ("Defendants"). The Complaint alleges that each defendant has

used and continues to use an online media distribution system to distribute to the public, including

by making available to and for distribution by others, certain copyrighted motion pictures owned or

controlled by the Plaintiffs without Plaintiffs' authorization in violation of the Copyright Act of 1976

(17 U.S.C. § 101, *et seq.*).  However, Plaintiffs are only able to identify Defendants with an unique

Internet Protocol ("IP") address; they do not know Defendants' names or any other identifying

information.

Consequently, Plaintiffs seek permission to obtain immediate discovery from Defendants'

Internet Service Provider ("ISP"), U.S. West Internet Services ("U.S. West"), whose subscriber

activity log files would allow Plaintiffs to discover Defendants' identities.  Specifically, they wish

to serve a subpoena on U.S. West pursuant to Fed. R. Civ. P. 45, seeking each Defendant's true

name, address, telephone number, e-mail address, and Media Access Control ("MAC") address.

Under Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the

parties have conferred as required by Rule 26(f)," unless authorized by a court order or agreement

of the parties or when otherwise allowed under the Rules of Civil Procedure.  A court order allowing

expedited discovery will issue only upon a showing of good cause.  *Qwest Communications Int'l,*

*Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Pod-Ners, LLC v. Northern*

*Feed & Bean of Lucerne, LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002).

Here, Plaintiffs argue that their immediate need of the data in the subscriber activity logs

establishes good cause.  They indicate that ISPs such as U.S. West typically keep these logs for brief

periods of time before erasing the data they contain.  Plaintiffs might never identify the Defendants

without obtaining access to the data contained in the logs.  *See* Declaration Chad Tilbury, ¶¶ 10-11,

in support of *Ex Parte* Application.

2

Under these circumstances, Plaintiffs have established good cause. Good cause exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Qwest, supra*, 213 F.R.D. at 419. *See also Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002) (Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").

However, given the fact that Plaintiffs' Application was *ex parte*, Plaintiffs shall serve a copy of this Order along with the subpoena. Further, U.S. West may move to quash the subpoena within ten days of being served with the subpoena. In addition, this Court understands based on the representations of Plaintiffs that U.S. West will give notice to its subscribers that this information is being sought, and any so identified subscriber will thus have the opportunity to raise objections before this Court prior to the return date of the subpoena. (Plaintiffs' Memorandum, p. 6).

Accordingly, it is ORDERED:

1.  Plaintiffs' *Ex Parte* Application for Leave to Take Discovery Prior to Rule 26(f) Conference, filed February 24, 2005, is GRANTED. Plaintiffs may serve a Rule 45 subpoena upon U.S. West, and/or any other entity that U.S. West informs Plaintiffs was the entity providing network access or online services, to the Doe Defendants, which seeks information sufficient to identify each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address.

3

2.  Any information disclosed to Plaintiffs in response to any issued subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint.

3.  Plaintiffs' shall serve U.S. West or any other entity subpoenaed pursuant to this Order with a copy of this Order along with any issued subpoena.

4.  If U.S. West, or any other entity subpoenaed pursuant to this Order, wishes to move to quash any issued subpoena, it must do so within ten days of being served with it.

5.  U.S. West, or any other entity subpoenaed pursuant to this Order, is ordered to give notice to its subscribers that this information is being sought, and any so identified subscriber will have the opportunity to raise objections before this Court prior to the return date of any issued subpoena.

Dated: March 24, 2005.

BY THE COURT:

Craig B. Shaffer
United States Magistrate Judge

4